UNITED STATES DISTRICT COURT **ORIGINAL**

DISTRICT OF MINNESOTA

Civil File No. 01-2002 JRT/FLN

MINNEAPOLIS PAINTING INDUSTRY HEALTH & WELFARE FUND, MINNEAPOLIS LOCAL 386 DRYWALL FINISHING INDUSTRY PENSION FUND, MINNEAPOLIS PAINTING INDUSTRY PENSION FUND, MINNEAPOLIS PAINTING INDUSTRY VACATION AND HOLIDAY FUND, MINNESOTA PUBLIC RELATIONS AND APPRENTICESHIP TRAINING FUND,

Plaintiffs,

vs.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR DEFAULT JUDGMENT**

STEINBRECHER PAINTING, INC.,

Defendant.

This matter was heard before the undersigned on the 21st day of February, 2002. Pamela Hodges Nissen of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

**FINDINGS OF FACT**

1. Plaintiffs filed a Summons and Complaint in this matter on November 1, 2001. Defendant was personally served with the Summons and Complaint in this matter on November 1, 2001.

2. Defendant has failed to file and serve a response or Answer to the Summons and Complaint.

FILED MAR 01 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ________ 2002
DEPUTY CLERK ________

3. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, among other things, pension, vacation, health and welfare benefits to employees doing painters work in the construction trades, and are maintained for the benefit of workers pursuant to Collective Bargaining Agreements. All contributions must be made and all reports must be submitted to Wilson-McShane Corporation, 2850 Metro Drive, Suite 404, Bloomington, MN 55425, as the administrative agent designated by the Trustees.

4. Defendant accepted and agreed to be bound by a Collective Bargaining Agreement with Local Union No. 884 Brotherhood of Painters and Allied Trades St. Cloud, Minnesota. The Agreement obligates Defendant, as an employer, to compute the contribution for each employee, submit that information on a report form, and pay those contributions to the Funds' Agent on or before the 15th day of the month following the month for which the contribution is being made.

5. Defendant failed to timely submit report forms or pay contributions for the months of September, October, November, December 2001 and January 2002.

6. After Plaintiffs served the Summons and Complaint on Defendant, Defendant submitted fringe benefit forms and payments for the amounts due as reported for the months of September, October, November, and December 2001. The amounts contributed to the Funds for these months was $13,323.06. To date, Defendant has failed to submit fringe benefit forms and payments for the month of January 2002.

7. The Trust Agreements provide that Defendant pay liquidated damages of 10% of delinquent contributions.

8. The Trust Agreements further provide that Plaintiffs are entitled to their reasonable attorney fees and costs of this action.

## CONCLUSIONS OF LAW

1. Defendant is in default, and Plaintiffs are entitled to Default Judgment.

2. Defendant owes $1,332.31 for liquidated damages for the months of September, October, November, and December 2001.

3. Defendant has failed to submit its reports and pay contributions due to Plaintiffs for the month of January 2002.

## ORDER

**IT IS ORDERED**:

1. That Plaintiffs' Motion for Default Judgment is granted.

2. That Plaintiffs are collectively entitled to liquidated damages for the months of September, October, November, and December 2001 in the amount of $1,332.31.

3. That Defendant file a report for January 2002, if not already been submitted, at the offices of Wilson-McShane Corporation, 2850 Metro Drive, Suite 404, Bloomington, MN 55425, correctly identifying hours worked by painters and the last known addresses of its employees pursuant to the Collective Bargaining Agreement within 10 days of service of this Order upon them.

4. That Defendant pay the contributions of all of the hours reported pursuant to the Court's Order plus liquidated damages in the amount of 10% of the delinquent contributions and Plaintiffs' attorney fees and costs.

5. That upon the filing of the reports for the month of January 2002 by Defendant with Plaintiffs pursuant to this Order, if Defendant fails to make payments required by this Order, the Plaintiffs may move the Court for entry of judgment in the amount of unpaid contributions, liquidated damages, and attorney fees and costs as shown by Affidavit filed with the Court, and the Court shall enter judgment ten days after service of the motion and Affidavit on Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated: March 1, 2002

BY THE COURT

John R. Tunheim
United States District Court Judge